IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DERRICK SIMS,

    Plaintiff,

v.

MICHAEL SAYRE, et al.,

    Defendants.

No. C 08-01691 SBA (PR)

**ORDER OF SERVICE; ADDRESSING PENDING MOTION; AND DIRECTING FURTHER BRIEFING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

## INTRODUCTION

Plaintiff, a state prisoner, has filed a <u>pro se</u> civil rights action pursuant to 42 U.S.C. § 1983 alleging that Defendants were deliberately indifferent to his serious medical needs. His motion for leave to proceed <u>in forma pauperis</u> has been granted. Venue is proper because the events giving rise to the claim are alleged to have occurred at the Pelican Bay State Prison (PBSP), which is located in this judicial district. <u>See</u> 28 U.S.C. § 1391(b).

In his original complaint, Plaintiff names the following Defendants: PBSP Chief Medical Officer Dr. Michael Sayre; PBSP Staff Service Analyst C. Gorospe; PBSP Family Nurse Practitioner/Health Care Manager Maureen McLean; PBSP Correctional Counselors Joseph Kravitz and B. Samples; PBSP Physician Linda Rowe; and California Department of Corrections and Rehabilitation (CDCR) Chief of the Inmate Appeals Branch N. Grannis. Plaintiff seeks monetary damages as well as injunctive relief.

Plaintiff has since filed motions for leave to file an amended complaint as well as a second amended complaint.

In an Order dated May 12, 2009, the Court granted Plaintiff's motion for leave to file an amended complaint and directed the Clerk of the Court to docket his attached amended complaint. In his amended complaint, Plaintiff states, "[s]ince the filing of the original complaint plaintiff on numerous occasions has had his Eighth Amendment Rights violated by several new parties." (Am. Compl. at 1.) He names the following "new" Defendants: PBSP Correctional Officers Seneta and R. Denead and PBSP Registered Nurse Schutz.

Before the Court is Plaintiff's motion for leave to file a second amended complaint. In his second amended complaint, Plaintiff again adds a "new" Defendant, CDCR Director Matthew Cate.[1] (Second. Am. Compl. at 1.) He also alleges that certain prison officials, who the Court will construe as Doe Defendants, have allegedly violated his constitutional rights "since the filing of the original complaint." (Id.)

Also before the Court is Plaintiff's Motion for a Preliminary Injunction.

## DISCUSSION

**I.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

**II.    Motion for Leave to File a Second Amended Complaint**

A plaintiff may amend his complaint once as a matter of course at any time before a responsive pleading is served. See Fed. R. Civ. P. 15(a). Where a plaintiff seeks to amend after a responsive pleading has already been served, however, the decision whether to grant leave to amend is committed to the sound discretion of the trial court. Waits v. Weller, 653 F.2d 1288, 1290 (9th Cir. 1981). Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994).

---

[1] Plaintiff mis-spelled the first name of the CDCR Director as "Mathew." (Second Am. Compl. at 1.) The Court has confirmed that the correct spelling is Matthew.

2

The Court notes that the defendants in this action have not been served at this time. Plaintiff may as a matter of course amend his complaint because a responsive pleading has not yet been served. See Fed. R. Civ. P. 15(a). While Plaintiff has previously filed an amended complaint (docket no. 11), the Court finds that it is in the interests of justice to allow Plaintiff to amend his complaint a second time. See Janicki Logging Co., 42 F.3d at 566.

Accordingly, Plaintiff's motion for leave to file a second amended complaint (docket no. 12) is GRANTED, and the Clerk of the Court shall file the second amended complaint as indicated below.

The Court now reviews the allegations in the complaint, the amended complaint, and the second amended complaint below.

### III.    Legal Claims

#### A.    Deliberate Indifference Claim

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. (citing Estelle v. Gamble, 429 U.S. at 104). A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In his original complaint, Plaintiff's alleges that he has suffered from severe chronic asthma since he was a child, and this supports an inference that he has serious medical needs. He alleges that he is being housed at PBSP's Security Housing Unit (SHU), that "smoke, sent [sic] and fumes are irritants that linger on to the SHU yards also entering through the ventilation system, consisting

3

of dust, soot, and ash," and that "[t]he ventilation system in the SHU is inadequate . . . trigger[ing] what could be serious respiratory problems where Plaintiff struggles to breathe, resulting in chest pains, shortness of breath, and wheezing."  (Compl. at 3-21 - 3-22.)[2]  Plaintiff alleges that the Defendants named in his original complaint were "deliberately indifferen[t] to the serious medical needs of Plaintiff Derrick Sims . . . during his confinement at [PBSP]."  (Id. at 3.)  In his amended complaint, Plaintiff alleges that Defendants Denead and Seneta acted with deliberate indifference to his serious medical needs on June 13 and 14, 2008 as well as on August 3, 2008, respectively, "by violating the state and federal law band on smoking inside housing units" and causing Plaintiff to suffer asthma episodes.  On August 21, 2008, Plaintiff alleges that Defendant Schutz failed to provide him with adequate treatment for his asthma.  Liberally construed, Plaintiff's allegations that prison officials failed to provide adequate medical treatment for his asthma or caused him to suffer asthma episodes -- while he was housed at PBSP from September 29, 2006 (date his first submitted a "sick call slip to medical and was seen by RN for complaints of asthma) through October 16, 2009 (the date of his second amended complaint) -- state a cognizable deliberate indifference claim against Defendants Sayre, Gorospe, McLean, Kravitz, Samples, Rowe, Grannis, Denead, Seneta and Schultz.  Accordingly, this claim may proceed against these Defendants.

### B. Disability Discrimination

As mentioned above, Plaintiff claims that he suffers from severe chronic asthma.  He further claims that he has requested an "emergency medical transfer to another prison (SHU) that best suits his disability under (ADA)."  (Compl. at 3-21.)  He alleges that his "asthmatic state qualifies for medical transfer."  (Id.)  In his second amended complaint, Plaintiff claims that he has not yet been transferred from PBSP and that he still experiences problems related to his severe chronic asthma.  He alleges that the Defendants named in his original complaint "have and continue to discriminate against Plaintiff because of his asthma by failing to make reasonable accommodations such as transfering [sic] Plaintiff to another prison due to environment . . . failure to accommodate a disability constitutes discrimination under ADA."  (Id. at 3-28.)

---

[2] Plaintiff's original complaint has eight pages attached to page three of the complaint form, and he has labeled them pages "3-21" through "3-28."

4

### 1. **Cause of Action**

Title II of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C.§ 12101 et seq., and § 504 of the Rehabilitation Act of 1973, as amended and codified in 29 U.S.C. § 794(a) , prohibit discrimination on the basis of disability in the programs, services or activities of a public entity. The elements of a cause of action under Title II of the ADA are: (1) that the plaintiff is a qualified individual with a disability; (2) that the plaintiff was either excluded from participation in or denied the benefits of a service, program, or activity of a public entity, or was otherwise discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination was by reason of disability. Duvall v. County of Kitsap, 260 F.3d 1124, 1135 (9th 2001); 42 U.S.C. § 12132. A cause of action under § 504 of the Rehabilitation Act essentially parallels an ADA cause of action. See Olmstead v. Zimring, 119 S. Ct. 2176, 2182 (1999); Duvall, 260 F.3d at 1135.

A qualifying "disability" is "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2).

Federal regulations require a public entity to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7).

### 2. **Proper Defendants**

Plaintiff cannot bring an ADA or § 504 action against individual prison officials, because the proper defendant in such actions is the public entity responsible for the alleged discrimination. Nor can he bring a § 1983 action against Defendants based on allegedly discriminatory conduct. See Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002) ("[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act."). Therefore, Plaintiff's disability discrimination claims against Defendants who are individual prison officials are DISMISSED WITH PREJUDICE.

The proper defendants to Plaintiff's disability discrimination claims are the public entities

that allegedly denied him equal access to their programs: PBSP and the CDCR. State correctional facilities are "public entities" within the meaning of the ADA. See 42 U.S.C. § 12131(1)(A) & (B); Pennsylvania Dep't of Corrections v. Yeskey, 524 U.S. 206, 210 (1998); Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997). State prisons that receive federal financial assistance are covered by the Rehabilitation Act. See Armstrong, 124 F.3d at 1022-23.

As state agencies, these entities are shielded from suit in federal court unless they waive their sovereign immunity or Congress has validly abrogated their sovereign immunity in the applicable statute. See Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985). In Board of Trustees of the Univ. of Ala. v. Garrett, 121 S. Ct. 955 (2001), the Supreme Court held that Congress did not have the power to abrogate the States' Eleventh Amendment immunity under Title I of the ADA, but declined to reach the question whether Congress validly abrogated the States' immunity as to Title II. See Garrett 121 S. Ct. at 960 n.1. The Court specifically noted that Title II has somewhat different remedial provisions from Title I. Id. For purposes of initial review, the Court will assume that the California prisons do not enjoy Eleventh Amendment immunity with respect to Plaintiff's ADA claims.

As to the Rehabilitation Act, the Ninth Circuit has held that, "[b]ecause California accepts federal funds under the Rehabilitation Act, California has waived any immunity under the Eleventh Amendment" as to that Act's anti-discrimination provisions. See Clark v. State of California, 123 F.3d 1267, 1271 (9th Cir. 1997); see also Douglas v. California Dept. Youth Authority, 271 F.3d 812, 819 (9th Cir.), amended, 271 F.3d 910 (9th Cir. 2001) (adhering to Clark after Supreme Court's decision in Garrett.) Thus, Plaintiff may pursue claims for both money damages and prospective injunctive relief under the Rehabilitation Act directly against the PBSP and the CDCR.

In sum, assuming Plaintiff has a valid disability discrimination claim, he may assert the claim in an amendment to the complaint against PBSP and the CDCR, but not against any individual defendants.

**3.     Analysis of Claim**

Even assuming Plaintiff's allegation that he suffers from severe chronic asthma could establish that he is an individual with a disability under the federal statutes, he has not alleged

discriminatory conduct. Plaintiff makes conclusory allegations that Defendants discriminated against him because of his disability by "failing to make reasonable accommodations such as transfering [sic] Plaintiff to another prison due to environment . . . ." (Compl. at 3-27.) Plaintiff does not allege that he was treated differently than similarly-situated non-disabled inmates and he does not allege that he was excluded from participation in a prison program or service because of his disability. Therefore, he does not appear to have a cognizable disability discrimination claim.

If Plaintiff names PBSP and the CDCR as Defendants, his Plaintiff's ADA and Section 504 claims against these public entities are DISMISSED WITH LEAVE TO AMEND. Plaintiff may reassert the claims in an amendment to the complaint if he can in good faith allege that he is an individual with a disability under the federal statutes, that the prison discriminated against him on the basis of his "disability," and if he names the proper Defendants.

**C.    Supervisory Liability**

Plaintiff's allegations in his second amended complaint regarding Defendant CDCR Director Matthew Cate as a supervising official are insufficient to link him to Plaintiff's claims of constitutional violations.

"A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989)). Supervisory liability exists even without overt personal participation in an offensive act if supervisory officials implement a policy so deficient that the policy "itself is a repudiation of constitutional rights" and is "the moving force of the constitutional violation." Id. at 1447 (internal quotation marks and citations omitted). But under no circumstances is there respondeat superior liability under § 1983. That is, under no circumstances is there liability under § 1983 solely because one is responsible for the actions or omissions of another. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Ybarra v. Reno Thunderbird Mobile Home Vill., 723 F.2d 675, 680-81 (9th Cir. 1984).

Under general principles of § 1983 liability, "an individual may recover only when that individual's federal rights have been violated." Quintanilla v. City of Downey, 84 F.3d 353, 356

(9th Cir. 1996). A supervisor cannot be held liable under § 1983 where no injury or constitutional violation has occurred. Jackson v. City of Bremerton, 268 F.3d 646, 653-54 (9th Cir. 2001).

Plaintiff has not alleged facts sufficient to state a claim for supervisory liability against Defendant Cate. See Redman, 942 F.2d at 1446. Therefore, the supervisory liability claim against Defendant Cate is DISMISSED WITH LEAVE TO AMEND in order to cure this deficiency, if he can do so in good faith.

### D. Claim Against Doe Defendants

Plaintiff identifies Doe Defendants, i.e., certain PBSP prison officials who have allegedly violated his constitutional rights "since the filing of the original complaint" whose name he intends to learn through discovery. (Second. Am. Compl. at 1.) The use of Doe defendants is not favored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them. Id. Failure to afford the plaintiff such an opportunity is error. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, the claims against these Doe Defendant are DISMISSED from this action without prejudice. Should Plaintiff learn the Doe Defendants' identities through discovery, he may move to file an amendment to the complaint to add them as named defendants. See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

### IV. Motion for Preliminary Injunction

Plaintiff seeks immediate injunctive relief. He claims that he is "suffering irreparable [sic] harm on a constant basis in the form of not being able to breathe at [the] onset of [his] asthma attacks, even a mild exacerbation can be fatal, and increases the risk of pain and possible death." (Mot. for Prelim. Inj. at 4.) He further claims that he is "entitled to a preliminary injunction ordering the defendants to arrange for a transfer to a facility that best suits his medical needs, requiring Defendants to comply with the 8th Amendment." (Id.) Prior to granting a preliminary injunction, however, notice to the adverse party is required. See Fed. R. Civ. P. 65(a)(1). Therefore, a motion for preliminary injunction cannot be decided until the parties to the action are served. See Zepeda v. INS, 753 F.2d 719, 727 (9th Cir. 1983).

8

The decision of whether to grant or deny a motion for preliminary injunction is a matter of the district court's discretion. Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). The standard for assessing a motion for preliminary injunction is set forth in Winter v. Natural Res. Def. Council, Inc., --- U.S. ---, 129 S.Ct. 365, 376 (2008). "Under Winter, plaintiffs seeking a preliminary injunction must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest." Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1021 (9th Cir. 2009). Following Winters, the Ninth Circuit appears to have abandoned the "sliding scale" approach previously employed by this Circuit. See American Trucking Ass'ns Inc. v. City of Los. Angeles, 559 F.3d 1046, 1052 (9th Cir.2009) (holding that "[t]o the extent that our cases have suggested a lesser standard, they are no longer controlling, or even viable").

Immediate injunctive relief, such as a temporary restraining order, may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. See Fed. R. Civ. P. 65(b). Although Plaintiff swears under penalty of perjury that the information contained in his motion is true and correct, and thus the motion may be deemed an affidavit, and although the pleadings describe Plaintiff's circumstances with a fair amount of specificity, it does not clearly appear from the pleadings that Plaintiff will suffer immediate injury before Defendants can be given an opportunity to respond.

In light of these circumstances, the Court orders service of the pleadings, as indicated below; and directs Defendants to respond to the motion for preliminary injunction.

## **CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.   Plaintiff states a cognizable Eighth Amendment claim for deliberate indifference to

9

serious medical needs against Defendants Sayre, Gorospe, McLean, Kravitz, Samples, Rowe, Grannis, Denead, Seneta and Schultz.

2. Plaintiff's disability discrimination claims against Defendants who are individual prison officials are DISMISSED WITH PREJUDICE. If Plaintiff names PBSP and the CDCR as Defendants, then his ADA and Section 504 claims against these public entities are DISMISSED WITH LEAVE TO AMEND, as directed above.

3. Plaintiff has not alleged facts sufficient to state a claim for supervisory liability against Defendant Cate; therefore, the supervisory liability claim against him is DISMISSED WITH LEAVE TO AMEND.

4. Within **thirty (30) days** of the date of this Order Plaintiff may file amended ADA and Section 504 claims against PBSP and the CDCR as well as an amended supervisory liability claim against Defendant Cate as set forth above in Sections III(B)(3) and III(C) of this Order. (Plaintiff shall resubmit only his amended ADA, Section 504 and supervisory liability claims and not the entire complaint.) The failure to do so will result in the dismissal without prejudice of his ADA and Section 504 claims against PBSP and the CDCR as well as his supervisory liability claim against Defendant Cate.

5. Plaintiff's claims against the Doe Defendants are DISMISSED from this action without prejudice.

6. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of this Order, and a copy of either the complaint, amended complaint or second amended complaint and all attachments thereto, as specified, to the Defendants listed below: (1) a copy of the original complaint and all attachments thereto (docket no. 1) to **PBSP Chief Medical Officer Dr. Michael Sayre; PBSP Staff Service Analyst C. Gorospe; PBSP Family Nurse Practitioner/Health Care Manager Maureen McLean; PBSP Correctional Counselors Joseph Kravitz and B. Samples; PBSP Physician Linda Rowe; and CDCR Chief of the Inmate Appeals Branch N. Grannis;** and (2) a copy of the amended complaint and all attachments thereto (docket no. 11) to **PBSP Correctional**

10

**Officers Seneta and R. Denead[3] as well as PBSP Registered Nurse Schutz.** The Clerk shall also mail a copy of the complaint, amended complaint and second amended complaint and all attachments thereto, as well as a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

      7.    Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

      8.    Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

      a.    No later than **ninety (90) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

---

[3] Plaintiff lists Defendant Denead as "Defendant Correctional Officer Denead, R," which the Court construes to be "R. Denead." (Am. Compl. at 2.)

    b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **sixty (60) days** after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to pro se plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

    c. If Defendants wish to file a reply brief, they shall do so no later than **thirty (30) days** after the date Plaintiff's opposition is filed.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

9. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

10. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

11. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

12. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

13. The Court concludes that Plaintiff's motion for a preliminary injunction (docket no. 14) should not be granted without affording Defendants notice and an opportunity to be heard. Accordingly, Defendants are hereby ORDERED to respond to Plaintiff's motion for a preliminary injunction when they file their Answer to the complaint. In order to expedite the resolution of this case, the Court orders as follows:

   a. On the same date their Answer is due, Defendants shall respond to Plaintiff's motion for preliminary injunction. The response to the motion for preliminary injunction shall be supported by adequate factual documentation and shall conform in all respects to the Federal Rules of Civil Procedure, and all papers filed with the Court shall be promptly served on Plaintiff. Defendants are specifically directed to inform the Court of any plans to transfer Plaintiff to another prison or to house him in any location other than the SHU or the infirmary at Pelican Bay State Prison.

   b. Plaintiff may file a reply within **thirty (30) days** of the date Defendants' response is filed. Plaintiff's reply should be supported by factual documentation and should demonstrate why Plaintiff satisfies the standard for assessing a motion for preliminary injunction,

1 which is set forth in Winter, and has been outlined above.

2     c. The Prison Litigation Reform Act requires further that preliminary injunctions relating to prison conditions "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). The Court must give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief." Id.

  14. Plaintiff's motion for leave to file a second amended complaint (docket no. 12) is GRANTED. The Clerk of the Court is directed to file Plaintiff's motion, which is labeled "Motion for Leave to File an Amended Complaint and Demand for Jury Trial," and docket the aforementioned document as Plaintiff's "Second Amended Complaint." The Clerk is further directed to mark the Second Amended Complaint as filed on October 16, 2009, the date it was received by the Court.

  15. This Order terminates Docket no. 12.

IT IS SO ORDERED.

DATED: 3/10/10

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DERRICK SIMS,

        Plaintiff,

  v.

MICHAEL SAYRE et al,

        Defendant.
                               /

Case Number: CV08-01691 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 15, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Derrick D. Sims J-20913
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95531

Dated: March 15, 2010

                                        Richard W. Wieking, Clerk
                                        By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.08\Sims1691.service.wpd    15