IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK SIMS, | No. C 08-01691 SBA (PR) |
| Plaintiff, | **ORDER DENYING SECOND MOTION FOR APPOINTMENT OF COUNSEL; ADDRESSING OTHER PENDING MOTIONS; AND SETTING BRIEFING SCHEDULE** |
| v. | |
| DR. MICHAEL SAYRE, et al., | |
| Defendants. | |

On May 17, 2010, the Court denied Plaintiff's first motion for appointment of counsel to represent him in this action. Before the Court is Plaintiff's second motion for appointment of counsel. He has also filed an "Ex Parte Request for Extension of Time While Cour[t] Considers Motion for Assignment of Councel [sic]."

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. See Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), withdrawn in part on other grounds on reh'g en banc, 154 F.3d 952 (9th Cir. 1998) (en banc). The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. at 1525; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. See id.

The Court is still unable to assess at this time whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a pro bono appointment. It is premature for the Court to determine Plaintiff's likelihood of success on the merits. Accordingly, Plaintiff's second

request for appointment of counsel (docket no. 41) is DENIED. The Court will consider appointment of counsel later in the proceedings, after Defendants have filed their dispositive motion and the Court has a better understanding of the procedural and substantive matters at issue. Therefore, Plaintiff may file a renewed motion for the appointment of counsel after Defendants' dispositive motion has been filed. If the Court decides that appointment of counsel is warranted at that time, it will seek volunteer counsel to agree to represent Plaintiff pro bono.

Because the Court has denied Plaintiff's second motion for appointment of counsel, the Court also DENIES his "Ex Parte Request for Extension of Time While Cour[t] Considers Motion for Assignment of Councel [sic]" (docket no. 39).

Also before the Court is Defendants' "Motion for Clarification Regarding Dispositive Motion Filing Deadline, or Alternatively, for Extension Thereof."

In its Order dated March 10, 2010, the Court found that Plaintiff's allegations in his original complaint, amended complaint and second amended complaint stated a cognizable claim for deliberate indifference to his serious medical needs against Defendants Sayre, Gorospe, McLean, Kravitz, Samples, Rowe, Grannis, Denead, Seneta and Schultz-De Solenni,[1] and ordered the Clerk of the Court to send the aforementioned pleadings and a request for waiver of service to these Defendants. On March 16, 2010, the Clerk mailed these Defendants a Notice of Lawsuit and Request for Waiver of Service of Summons, pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. Although the mail was not returned as undeliverable, these Defendants did not return a waiver of service within the thirty-day period provided in that notice.

On July 6, 2010, Attorney Matthew Grigg filed a "Notice of Waiver of Answer" on behalf of Defendants Sayre, Gorospe, McLean, Kravitz, Samples, Denead, Seneta and Schultz-De Solenni.[2]

---

[1] According to Defendants' "Notice of Waiver of Answer," Defendant Schultz is now known as Defendant Schultz-De Solenni. The Clerk is directed to indicate that Defendant "Schultz" is now known as Defendant "Schultz-De Solenni."

[2] To date, Defendants Grannis and Rowe have not appeared in this action. The Clerk mailed a request for waiver of service to Defendant Grannis on March 16, 2010, as well as a revised request for waiver of service to Defendant Rowe on April 13, 2010. Mail sent to them have not been returned as undeliverable. Therefore, Attorney Grigg is directed to inform the Court whether he intends to appear on their behalf. If he does not intend to do so, he shall inform the Court of Defendants Grannis's and Rowe's last known address in order for the Court to direct the United States Marshal to serve them.

Defendants now request "(1) confirmation that the dispositive motion filing deadline is 10/4/10 or alternatively, (2) an extension of the filing deadline to that or a later date." (Defs.' Mot. at 4.)

In its March 16, 2010 Order, the Court stated:

> Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

(Mar. 16, 2010 Order at 11.)

In the present case, as mentioned above, Defendants never returned a waiver of service within the thirty-day period provided in the notice sent to them on March 16, 2010.  At that point, the Court could have ordered the United States Marshal to serve the aforementioned Defendants and also directed these Defendants to show cause why they should not be charged with the costs of service.  Before the Court could issue such an Order, Attorney Grigg filed the "Notice of Waiver of Answer."  Had Defendants properly waived service, then the answer would have been due on May 17, 2010.  Therefore, their motion for summary judgment would have then been due on August 16, 2010.

To date, Defendants' motion for summary judgment has not been filed.  Therefore, the Court construes Defendants' "Motion for Clarification Regarding Dispositive Motion Filing Deadline, or Alternatively, for Extension Thereof" as a request for an extension of time to file their motion for summary judgment up to and including October 4, 2010.

Having read and considered Defendants' motion, and good cause appearing,

IT IS HEREBY ORDERED that Defendants' request for an extension of time is GRANTED.

The parties are directed to abide by the briefing schedule outlined below.

## CONCLUSION

For the foregoing reasons,

1. Plaintiff's second request for appointment of counsel (docket no. 41) and his "Ex Parte Request for Extension of Time While Cour[t] Considers Motion for Assignment of Councel [sic]" (docket no. 39) are DENIED.

2. The Court GRANTS Defendants' "Motion for Clarification Regarding Dispositive Motion Filing Deadline, or Alternatively, for Extension Thereof" (docket no. 43), which has been construed as a request for an extension of time to file their motion for summary judgment.

3. The following briefing schedule shall govern dispositive motions in this action:

The time in which Defendants may file their motion for summary judgment will be extended up to and including **October 4, 2010.** Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **sixty (60) days** after the date Defendants' motion is filed. If Defendants wish to file a reply brief, they shall do so no later than **thirty (30) days** after the date Plaintiff's opposition is filed.

4. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

5. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

6. Attorney Grigg is directed to inform the Court whether he intends to appear on behalf of Defendants Grannis and Rowe. If he does not intend to do so, he shall inform the Court of Defendants Grannis's and Rowe's last known address in order for the Court to direct the United States Marshal to serve them. Unless Defendants Grannis and Rowe can show good cause for their failure to waive service of process, they will be ordered to pay the costs of service.

7. The Court notes that Defendant Schultz is now known as Defendant Schultz-De

4

1  Solenni.  The Clerk is directed to indicate that Defendant "Schultz" is now known as Defendant
2  "Schultz-De Solenni."
3       8.     This Order terminates Docket nos. 39, 41 and 43.
4       IT IS SO ORDERED.
5  DATED: 9/9/10
                                        SAUNDRA BROWN ARMSTRONG
6                                       United States District Judge

5

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DERRICK SIMS,

        Plaintiff,

  v.

MICHAEL SAYRE et al,

        Defendant.

Case Number: CV08-01691 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 9, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Derrick D. Sims J-20913
Pelican Bay State Prison
5905 Lake Earl Drive
P.O. Box 7500
Crescent City, CA 95531

Dated: September 9, 2010

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.08\Sims1691.2ndDenyAtty&pendMOTS&BriefSCHED.wpd