IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK D. SIMS, | No. C 08-1691 SBA (PR) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND MOTION FOR SANCTIONS** |
| v. | |
| MICHAEL C. SAYRE, et al., | (Docket no. 61) |
| Defendants. | |

On October 4, 2010, Defendants filed a motion for summary judgment.[1] Plaintiff's opposition is due on December 6, 2010.

Before the Court is Plaintiff's motion to compel on the grounds that he would like to engage in discovery. The Court will construe Plaintiff's motion as a request under Federal Rule of Civil Procedure 56(f).[2] See Hancock v. Montgomery Ward Long Term Disability Trust, 787 F.2d 1302, 1306 n.1 (9th Cir. 1986) (pending motion to compel discovery was sufficient to raise Rule 56(f) consideration); Bailey v. City of New York, 2003 U.S. Dist. LEXIS 7254, 32-33 (S.D.N.Y. May 2, 2003) (court construed request for additional discovery from a pro se plaintiff in response to a motion for summary judgment as an application pursuant to Fed. R. Civ. P. 56(f)).

Defendants oppose Plaintiff's motion, stating: "Plaintiff has not met the prerequisites for a continuance. Good cause for a continuance is wholly absent. Plaintiff's motion should be denied." (Defs.' Opp'n at 4.)

Also before the Court is Plaintiff's motion for sanctions.

---

[1] On October 27, 2010, Defendants filed an amendment to the motion for summary judgment, in which they notified Plaintiff that Defendants N. Grannis and Linda Rowe were "inadvertently omitted" from their motion for summary judgment. (Am. to MSJ at 1.)

[2] Rule 56(f), entitled "When Affidavits are Unavailable," states:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f).

**DISCUSSION**

**I.     Plaintiff's Motion to Compel Pursuant to Rule 56(f)**

Rule 56(f) of the Federal Rules of Civil Procedure provides a device for litigants to avoid summary judgment when the non-movant needs to discover affirmative evidence necessary to oppose the motion. See Garrett v. San Francisco, 818 F.2d 1515, 1518 (9th Cir. 1987). Rule 56(f) provides that a court may deny a summary judgment motion to permit discovery if it appears that a party cannot present facts essential to opposing the motion. Fed. R. Civ. P. 56(f). When a party moves for summary judgment before the opposing party has had a "realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f) motion fairly freely." Burlington Northern & Santa Fe Ry. Co. v. The Assiniboine, 323 F.3d 767, 774 (9th Cir. 2003). Denial of an application under Rule 56(f) is especially inappropriate "where the material sought is also the subject of outstanding discovery requests." VISA Int'l Serv. Ass'n v. Bankcard Holders of Am., 784 F.2d 1472, 1475 (9th Cir. 1986). Rule 56(f) requires an affidavit which sets forth the information sought and how it would preclude summary judgment by creating a genuine issue of material fact. See Hall v. Hawaii, 791 F.2d 759, 761 (9th Cir. 1986).

By filing his motion to compel discovery, Plaintiff meets Rule 56(f)'s procedural requirement that he submit an "affidavit" setting forth the discovery requested. Although Plaintiff's discovery motion is not entitled "Affidavit in Support of Rule 56(f) Request," the Ninth Circuit has stated that a court is free to construe a discovery motion as a request under and in compliance with Rule 56(f). See Hancock, 787 F.2d at 1306 n.1.

Plaintiff states in his discovery motion that Defendants have failed to provide answers to his interrogatories despite his discovery requests. (Pl.'s Mot. to Compel at 4.) However, in their opposition, Defendants state that they have "already answered all 21 sets of discovery" that Plaintiff seeks. (Defs.' Opp'n at 1.) Defendants also add that Plaintiff's motion is procedurally impermissible "because he does not support his motion with a declaration, as required by Civil L.R. 7-2(d), 7-5, and 37-4(b)." (Id.)

As the Ninth Circuit stated in <u>Continental Maritime v. Pacific Coast Metal Trades</u>, 817 F.2d 1391, 1395 (9th Cir. 1987), under Rule 56(f) "the party seeking a continuance bears the burden to show what specific facts it hopes to discover that will raise an issue of material fact." <u>Id.</u> Plaintiff has not met this burden. The requested documents are sought without explanation of what specific, material facts these documents will likely disclose. Plaintiff does not explain in his motion to compel what specific facts he hopes to discover that will raise an issue of material fact. Plaintiff fails to demonstrate how "additional discovery would have revealed specific facts precluding summary judgment." <u>See</u> <u>Tatum v. City and County of S.F.</u>, 441 F.3d 1090, 1101 (9th Cir. 2006). In addition, Defendants claim they have responded to Plaintiff's discovery requests. Thus, Plaintiff has not met his burden under Rule 56(f). Therefore, the Court DENIES Plaintiff's request for a continuance for discovery pursuant to Rule 56.

## II.    **Motion For Sanctions**

In his motion for sanctions, Plaintiff seeks $300.00 from Defendants on the grounds that "Defendants' refus[al] to answer the interrogatories, admissions and production of document requests had no substantial justification." (Pl. Mot. Compel at 2.) Plaintiff's motion for sanctions is DENIED because it is factually meritless.

### **CONCLUSION**

For the reasons stated above, the Court DENIES Plaintiff's motion to compel discovery (docket no. 61), which has been construed as a request for a continuance for discovery pursuant to Rule 56. Plaintiff's motion for sanctions (docket no. 61) is also DENIED.

This Order terminates Docket no. 61.

IT IS SO ORDERED.

DATED: 11/1/10

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

3

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DERRICK SIMS,

        Plaintiff,

  v.

MICHAEL SAYRE et al,

        Defendant.

Case Number: CV08-01691 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 1, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Derrick D. Sims J-20913
Pelican Bay State Prison
5905 Lake Earl Drive
P.O. Box 7500
Crescent City, CA 95531

Dated: November 1, 2010

                              Richard W. Wieking, Clerk
                              By: LISA R CLARK, Deputy Clerk

4