IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK D. SIMS,<br><br>  Plaintiff,<br><br>  v.<br><br>MICHAEL C. SAYRE, et al.,<br><br>  Defendants.<br>_____ / | No. C 08-1691 SBA (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>(Docket Nos. 57, 72) |

Plaintiff, a state prisoner, filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 alleging that Defendants violated his constitutional rights. Before the Court is Defendants' Motion for Summary Judgment (docket no. 57) and Plaintiff's motion to strike certain of Defendants' materials filed in support of their motion (docket no. 72). For the reasons discussed below, the Court hereby GRANTS the Motion for Summary Judgment and DENIES Plaintiff's motion to strike.

## DISCUSSION

### I. Procedural Background

Plaintiff, who claims to suffer from severe asthma, alleged in his original complaint that Defendants were deliberately indifferent to his serious medical needs. Plaintiff named the following defendants in his original complaint: PBSP Chief Medical Officer Dr. Michael Sayre; PBSP Staff Service Analyst C. Gorospe; PBSP Family Nurse Practitioner/Health Care Manager Maureen McLean; PBSP Correctional Counselors Joseph Kravitz and B. Samples; PBSP Physician Linda Rowe; and the California Department of Corrections and Rehabilitation (CDCR) Chief of the Inmate Appeals Branch N. Grannis.

The Court granted Plaintiff leave to amend his complaint to add PBSP Correctional Officers Seneta and R. Deneau, PBSP Registered Nurse Schutz, and CDCR Director Matthew Cate. In an order dated March 15, 2010, the Court reviewed Plaintiff's original complaint, as well as the amended complaint and second amended complaint, and found that they stated a

1  cognizable deliberate indifference claim against defendants Sayre, Gorospe, McLean, Kravitz,

2  Samples, Rowe, Grannis, Seneta, Deneau and Schutz. (Docket no. 15.)

3  In an order entered on September 30, 2010, the Court dismissed without further leave to

4  amend Plaintiff's ADA and Section 504 claims, and his claim against defendant Cate.[1] (Docket

5  no. 60.) Defendants Gorospe, Sayre, Deneau, Senuta, Kravitz, Samples, Schutz-De Solenni, and

6  McLean then moved for summary judgment. (Docket no. 57.) On October 27, 2010, counsel

7  filed an amendment to the motion for summary judgment to add inadvertently omitted defendants

8  Rowe and Grannis as movants.[2] (Docket no. 63.) Plaintiff has opposed the motion (docket no.

9  73), and Defendants have filed a reply (docket no. 78). Both sides have also filed objections to

10 the other's summary judgment materials. (Docket nos. 72, 79.)

11 Plaintiff seeks monetary damages as well as injunctive relief.

12 **II.    Plaintiff's Motion to Strike**

13 Plaintiff has moved to strike a copy of a prison program review document dated July 10,

14 2002, that includes his classification in the prison system, his gang affiliation, and his prison

15 disciplinary history. This copy is included in the materials submitted by Defendants in support of

16 their motion for summary judgment, attached to a declaration by counsel. (Decl. Grigg, Ex. B at

17 17.) However, the Court notes that Plaintiff also attached this document to his complaint.

18 (Compl., Ex. E). In any event, the Court affords the document no weight in the ruling on the

19 motion for summary judgment. (Compl., Ex. E). The request to strike is therefore moot.

20 Plaintiff has also moved to strike declarations by doctors Hill, Bhavsar, and Freuh. He

21 contends that the doctors have not examined him, and as such, the declarations and attached

22 documents, which purport to be the records upon which these doctors base their expert opinion,

23 allegedly are not based on personal knowledge. The doctors are, however, clearly expert

24 witnesses. In federal court experts may base their opinion on materials such as are "reasonably

---

[1] Title II of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C.§ 12101 et seq., and Section 504 of the Rehabilitation Act of 1973, as amended and codified in 29 U.S.C. § 794(a), prohibit discrimination on the basis of disability in the programs, services or activities of a public entity.

[2] The movants thus are all the Defendants remaining in the case.

2

relied upon by experts in the particular field in forming opinions or inferences upon the subject," and "the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted." Fed. R.Evid. 703. The declarations by the doctors thus may properly be considered here.

The motion to strike is DENIED.

### III. Motion for Summary Judgment

The claims remaining in the case are that (1) Defendants Sayre, Gorospe, McLean, Kravitz, Samples, Rowe, and Grannis were deliberately indifferent to his asthma when they did not transfer him to a prison with fresher air, (2) Defendants Deneau and Senuta were deliberately indifferent to his asthma by smoking cigarettes near him; and (3) Defendant Schutz-De Solenni was deliberately indifferent to his serious medical need by denying him use of a nebulizer.

#### A. Res Judicata

Defendants contend that Plaintiff's claims are barred by res judicata. (Mot. for Summ. J. at 1.)

Under the doctrine of res judicata (also known as the claim preclusion doctrine), "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. . . . Under collateral estoppel [also known as the issue preclusion doctrine], once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Allen v. McCurry, 449 U.S. 90, 94 (1980). That is, res judicata bars not only every claim that was raised in state court but also bars the assertion of any legal theory or ground for recovery that might have been raised in the first action. A plaintiff cannot avoid the bar of claim preclusion merely by alleging conduct by the defendant not alleged in the prior action, or by pleading a new legal theory. McClain v. Apodaca, 793 F.2d 1031, 1034 (9th Cir. 1986).

The Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, requires that a federal court give to a state court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered. Migra v. Warren City School Dist. Bd.

3

of Educ., 465 U.S. 75, 81 (1984). In California, a final judgment in state court "'precludes further proceedings if they are based on the same cause of action.'" Brodheim v. Cry, 584 F.3d 1262, 1268 (9th Cir. 2009) (quoting Maldonado v. Harris, 370 F.3d 945, 951 (9th Cir. 2004)). Under California's "primary rights theory," a "cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty.'" Brodheim, 584 F.3d at 1268 (citation omitted). If this cause of action test is satisfied, then the same primary right is at stake, even if in the later suit the plaintiff pleads different theories of recovery, seeks different forms of relief, or adds new facts supporting recovery. Id. "[B]ecause of the nature of a state habeas proceeding, a decision actually rendered should preclude an identical issue from being relitigated in a subsequent § 1983 action if the state habeas court afforded a full and fair opportunity for the issue to be heard and determined under federal standards." Silverton v. Dept. of the Treasury, 644 F.2d 1341, 1347 (9th Cir. 1981).

Plaintiff pursued the same cause of action in state court that is now attempting to litigate in this case. The primary right possessed by him was his Eighth Amendment right to be free of deliberate indifference to his purported serious medical need, i.e., his asthma; the corresponding duty for prison officials was not to be deliberately indifferent to that serious medical need; and the alleged harm was the violation of Plaintiff's Eighth Amendment rights by not transferring him to a healthier environment. The actions involve the same injury to the Plaintiff and the same wrong by the same prison officials, even though the form of the action in state court (i.e., a habeas petition) led Plaintiff to identify as the adverse party his custodian rather than the individual wrongdoers.

In enacting the Federal Full Faith and Credit Statute, Congress intended that federal courts give preclusive effect to state court judgments whenever the courts of the State from which the judgment came would do so – accepting the rules chosen by the State from which the judgment came rather than employing their own rules of res judicata. "The State must, however, satisfy the applicable requirements of the Due Process Clause. A State may not grant preclusive effect in its own courts to a constitutionally infirm judgment, and other state and federal courts are not

required to accord full faith and credit to such a judgment." Kremer v. Chemical Constr. Corp., 456 U.S. 461, 482 (1982) (footnote omitted). Where the federal court is considering the preclusive effect of a state court judgment under § 1738, "state proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause in order to qualify for the full faith and credit guaranteed by federal law." Id. at 481.

Here, Plaintiff had an opportunity for full and fair litigation of his claim. After he filed the petition in the Del Norte court, the court issued an order to show cause. Decl. Grigg, Ex. C (order vacating order to show cause by Del Norte County District Court) at 1.) The court ordered an evidentiary hearing after the state filed a return to the order to show cause, and permitted an additional return by the Plata receiver (see infra), to which Plaintiff filed a traverse. (Id.) The court then concluded that "Petitioner will not be able to show that there is any 'deliberate indifference' to his condition" and that he had not shown the treatment was so clearly faulty as to be a constitutional violation. (Id. at [unnumbered] 2.) It vacated the order for an evidentiary hearing and denied the petition. (Id. at [unnumbered] 3.)

The main difference between the state habeas proceeding and the present civil rights action is that damages are available here. However, the unavailability of damages in the state habeas proceeding does not exempt that case from being the basis for res judicata. See City of Los Angeles v. Superior Court, 85 Cal. App. 3d 143, 151 (1978) (litigant "cannot avoid impact of rule against splitting causes of action by choosing for his first foray a tribunal of limited jurisdiction.").

Plaintiff's claims all stem from the same "cause of action" as California law refers to it. The three claims -- failure to transfer, smoking, and refusal to give him a nebulizer -- all involve the same primary right, to be free of deliberate indifference to a serious medical need, the same duty on the part of the Defendants, not to be deliberately indifferent, and a purported harm, exacerbation of his asthma. All of these claims thus were or could have been litigated in the state habeas action and therefore are barred by res judicata.

The motion for summary judgment is GRANTED on this ground.

///

///

### B.     Transfer Claim

Alternatively, the Court will consider the contention of Defendants Sayre, Gorospe, McLean, Kravitz, Samples, Rowe, and Grannis (hereafter "transfer Defendants") that there is no genuine issue of material fact as to the transfer claim and that they are entitled to judgment as a mater of law on that claim.

In this claim, Plaintiff contends that the Defendants knew of his asthma problems at Pelican Bay and that their failure to transfer him constituted deliberately indifference to his serious medical need.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendants's response to that need. Id. at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. Id. at 1059-60.

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he or she "must also draw the inference." Id. If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002).

///

When defendant Rowe, a medical doctor, saw Plaintiff in March of 2007, she concluded that his asthma was well-controlled. (Decl. Hill, Ex. B at 21.) Plaintiff then wrote a grievance in which he contended that conditions at Pelican Bay caused life-threatening aggravation of his asthma. (Compl., Ex. A.) He asked for compensation and to be transferred to a prison "where air is fresher." (Id.) The Defendants other than Rowe on this claim -- Sayre, Gorospe, McLean, Kravitz, Samples, and Grannis -- are the medical personnel and prison authorities who reviewed his grievance and denied it.

In support of their motion for summary judgment, the transfer Defendants assert that there is no evidence that they were deliberately indifferent, and have provided a declaration supporting that contention from Terry Hill, M.D., who was a court-appointed expert in major class action cases involving medical care at Pelican Bay and throughout the California prison system, Madrid v. Schwarzenegger, C 90-3094 TEH, and Plata v. Schwarzenegger, C 01-1351 TEH,. (Decl. Hill at ¶¶ 4-16.) Dr. Hill, along with two other doctors, provided the state habeas court with evaluations of the care Plaintiff had received at Pelican Bay, and "all unanimously concluded [Plaintiff] was receiving appropriate treatment and that no transfer was medically indicated." (Id. at ¶ 7.) Hill again reviewed the materials that had been supplied in the state case, plus Plaintiff's complaint and attachments in this case, and concluded that his "opinion remains uncharged." (Id.)

Because the transfer Defendants have adequately supported their contention that they were not deliberately indifferent, Plaintiff has the burden of providing proper materials to show that there is a genuine issue of material fact for trial. See Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000). He concedes that he cannot do so as to the nonmedical transfer Defendants, Gorospe, Kravitz, Samples and Grannis, stating: "Plaintiff does not dispute conscious disregard against the named non-medical person[n]el[] Defendants. But the non-medical Defendants viol[ated] Plaintiff's Fourteenth Amendment by interfering with his appeal process." (Opp'n at 25.) Plaintiff thus has failed to show a genuine issue of material fact as to these Defendants or that they are not entitled to judgment as a matter of law. Their motion for

///

///

summary judgment will be granted.[3]

As to Drs. Rowe and Sayre, and nurse practitioner McLean, Plaintiff contends that their failure to try to get him a medical transfer to another (and hopefully heathier) prison constituted deliberate indifference. That is, he disagrees with these Defendants' choice of treatment for this asthma, contending that for them not to order a transfer amounted to deliberate indifference.

In order to prevail on a claim involving choices between alternative courses of treatment, a plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that they chose this course in conscious disregard of an excessive risk to the plaintiff's health. Toguchi v. Chang, 391 F.3d 1051, 1058 (9th Cir. 2004); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (citing Farmer, 511 U.S. at 837).

Here, there is medical opinion on one side and Plaintiff's lay opinion on the other. In an attempt to show medical opinion on the point, Plaintiff cites to a publication called "Guidelines for the Management of Asthma in California Schools" for the proposition that children with even mild asthma may be at risk for life-threatening attacks (Opp'n Mot. Summary J., Ex. 4 at 13), and an unknown website for the proposition that asthma can be fatal, (id., Ex. 29); however, these general sources do not take into account his particular symptoms or the circumstances at Pelican Bay, and thus are insufficient to generate a genuine issue of material fact as to whether the course of treatment chosen by the medical transfer Defendants was medically-unacceptable.

---

[3] Plaintiff's contention that these Defendants' handling of his grievance violated his due process rights is a new claim. Although the Court has discretion to permit amendment of the complaint in this manner, see Brass v. County of Los Angeles, 328 F.3d 1192, 1197-98 (9th Cir. 2003), there is no right to due process in the handling of a prison grievance, Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996) (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause). And the facts Plaintiff alleges in his complaint are not that these Defendants prevented him from filing or pursuing his grievances, but rather, that they denied them. Although there certainly is a right to petition government for redress of grievances (a First Amendment Right), there is no right to a response or any particular action. Flick v. Alba, 932 F.2d 728 (8th Cir. 1991) ("prisoner's right to petition the government for redress ... is not compromised by the prison's refusal to entertain his grievance."). It thus would be futile to allow Plaintiff to raise this new claim by way of his opposition.

8

Plaintiff also cites to two entries in his medical records, both in an outside consultants's notes from a April 14, 2009, visit. (Pl.'s Opp'n at 15, 21.) One entry is the doctor's note that Plaintiff has "significant problems with asthma," and the other that it would be important for Plaintiff to have a "fairly" smoke free environment. (Ex. 27 at [unnumbered] 3.) As Defendants point out, the reference to "significant problems" is preceded by the words "by his history," i.e., the doctor is repeating what Plaintiff told him, rather than offering his own opinion. (Id.) And while there definitely were three incidents of correctional officers smoking in the building, as discussed below, and it appears from Plaintiff's allegations that controlled burning may occur at times in the area of the prison, these facts are not inconsistent with Plaintiff's environment being "fairly" smoke-free. These notes by the consultant thus are not evidence that retaining Plaintiff at Pelican Bay was medically unacceptable.

Defendants' motion for summary judgment will be granted on this alternative ground.

### C. Smoking

Plaintiff contends that in 2008 Defendants Senuta and Deneau, both of whom are correctional officers, smoked cigarettes in circumstances that exposed him to a substantial risk of serious harm from his asthma. Officer Senuta smoked one cigarette about 45-50 feet from Plaintiff's cell, and Officer Deneau smoked one cigarette on each of two consecutive days at the same location. (Def.'s Ex. A (deposition of Plaintiff) at 106-107, 113-15.) Each of them was smoking by an open window and blowing the smoke out the window, but Plaintiff's opinion is that the smoke rose from the window, was sucked in by the prison ventilation system on the roof, and then circulated through the cells. (Id. at 106, 114-15.)

The Eighth Amendment requires that prison officials take reasonable measures for the safety of prisoners. Farmer, 511 U.S. at 832. The failure of prison officials to take such measures violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety. Id. at 834. For purposes of the ruling on this issue, the Court will assume arguendo that Plaintiff's condition is sufficiently serious.

Neither negligence nor gross negligence constitute deliberate indifference. See Farmer,

9

511 U.S. at 835-36 & n.4; Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety.  See Farmer, 511 U.S. at 837.  The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.  See id.  However, an Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.  See id. at 842; see also Robins v. Meecham, 60 F.3d 1436, 1439-40 (9th Cir. 1995) (bystander-inmate injured when guards allegedly used excessive force on another inmate need not show that guards intended to harm bystander-inmate).  This is a question of fact.  Farmer, 511 U.S. at 842.

Even assuming for purposes of this ruling that these Defendants knew Plaintiff had asthma, Plaintiff has not shown that there is a genuine issue of material fact that these Defendants drew the inference that the smoke from their few cigarettes, blown out the window, would be circulated back into the cells and be enough to create a substantial risk of serious harm to Plaintiff.  That is, the Court's ruling on this claim is not based on a conclusion that these Defendants did not know the Plaintiff had asthma, which instead is assumed; it is based on a conclusion that, on the undisputed facts, they could not have known that their actions would create any risk.  The motion for summary judgment of Senuta and Deneau will be granted on this alternative ground.

### D. **Schutz-De Solenni**

On August 21, 2008, Plaintiff was seen by Defendant Schutz-De Solenni, a nurse practitioner, in response to a sick call slip he had submitted because he was suffering tightness in his chest, an asthma symptom.  (Decl. Grigg, Ex. A (deposition of Plaintiff) at 117.)  His claim here is that she was deliberately indifferent to a serious medical need when she refused his request for a nebulizer treatment.  (Id. at 118-19.)  In his declaration, Dr. Hill opines that because Plaintiff's lungs were clear, nebulizer use was not indicated, and states that in any event Plaintiff

10

could have used his metered-dose inhaler, which "supplies the same bronchodilator medication to the lungs." (Decl. Hill, ¶ 16.) Nothing that Plaintiff has proffered contradicts this, and Plaintiff conceded at his deposition that he suffered no harm from this Defendants's failure to use the nebulizer. (Decl. Grigg, Ex. A at 119.) There thus is no genuine issue of material fact underlying whether Schutz-De Solenni actions were deliberately indifferent and whether Plaintiff was harmed, and the answer is "no" to both, as a matter of law. See McGuckin, 974 F.2d at 1060 (requiring deliberate indifference and resulting harm); O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990) (isolated occurrences of neglect may constitute grounds for medical malpractice but do not rise to level of unnecessary and wanton infliction of pain). The motion for summary judgment by Schutz-De Solenni will be granted on this alternative ground.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion for summary judgment (docket no. 57). Plaintiff's motion objecting to Defendants' materials in support of their motion and motion to strike (docket no. 72) is DENIED.

The Clerk of the Court shall enter judgment in favor of Defendants, terminate all pending motions, and close the file.

This Order terminates docket numbers 57 and 72.

IT IS SO ORDERED.

DATED: March 31, 2011.

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DERRICK SIMS,

        Plaintiff,

  v.

MICHAEL SAYRE et al,

        Defendant.
                                   /

Case Number: CV08-01691 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 13, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Derrick D. Sims J-20913
Pelican Bay State Prison
5905 Lake Earl Drive
P.O. Box 7500
Crescent City, CA 95531

Dated: April 13, 2011

                                      Richard W. Wieking, Clerk
                                      By: LISA R CLARK, Deputy Clerk